IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SANDEEP THIGULLA and SARVANI THIGULLA, <br><br> Plaintiffs, <br><br> v. <br><br> UR JADDOU, Director, U.S. Citizenship and Immigration Services,[1] <br><br> Defendant. | 4:22CV3168 <br><br> MEMORANDUM AND ORDER |

    Plaintiffs Sandeep Thigulla and Sarvani Thigulla (collectively, "plaintiffs") are citizens and nationals of India who currently reside in the United States. The plaintiffs each filed Form I-485, Application to Register Permanent Residence or Adjust Status ("Form I-485") with the United States Citizenship and Immigration Services ("USCIS"), seeking to adjust their immigration status. Defendant Ur Jaddou ("Jaddou"), Director of USCIS, is ultimately responsible for adjudicating Form I-485 applications.

    Now before the Court is the plaintiffs' Motion for Temporary Restraining Order (Filing No. 16). See Fed. R. Civ. P. 65. The motion largely tracks the plaintiffs' prior Amended Motion for Preliminary Injunction (Filing No. 8)—which remains pending—but adds a heightened sense of urgency. The plaintiffs state, "On October 1, 2022, Defendants [sic] will deploy their Retrogression Policies and refuse to render final decisions on Plaintiff's [sic] adjustment of status application for (likely) years." As they see it, Jaddou's "Retrogression Policies violate the text of 8 U.S.C. § 1255 and they irreparably harm Plaintiff [sic] by indeterminately delaying his [sic] acquisition of lawful

---

    [1]Despite the parties named in the initial complaint (Filing No. 1) and in the caption of the First Amended Complaint (Filing No. 15), the allegations in the First Amended Complaint now refer to Harish Museboyina ("Museboyina") as the plaintiff and Antony Blinken ("Blinken") as a defendant. The Court has ignored the reference to Museboyina and has terminated Blinken as a defendant. *See* Fed. R. Civ. P. 10(a).

permanent residency status." Jaddou opposes (Filing No. 19) the plaintiffs' request for a temporary restraining order, arguing "this case is not time-sensitive and emergency relief is not warranted."

Also pending before the Court is Jaddou's Motion to Dismiss (Filing No. 12) this action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. In response to that motion, the plaintiffs filed the First Amended Complaint, but they have not addressed Jaddou's challenge to the Court's jurisdiction.

Although the Eighth Circuit has explained "that it is preferable to resolve assertions of lack of jurisdiction when ruling upon a motion for a preliminary injunction or a motion for a temporary restraining order," it has not required courts to "rule upon an opposing party's assertion that the court lacks jurisdiction" before addressing a motion for a preliminary injunction or temporary restraining order. *Laclede Gas Co. v. St. Charles County*, 713 F.3d 413, 416-17 (8th Cir. 2013). In other words, the Court can consider the plaintiffs' request for emergency relief and address the jurisdictional challenge in due time. *Id.*

With that in mind, the Court finds the plaintiffs have not made the requisite showing for their requested emergency relief. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 112 (8th Cir. 1981) (identifying the relevant factors); *S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989) (applying the *Dataphase* factors to a temporary restraining order). In particular, the plaintiffs have not demonstrated a likelihood of success on the merits and irreparable harm in the absence of emergency relief. *See Dataphase*, 640 F.2d at 112.

Turning to Jaddou's motion to dismiss, the Court notes the filing of an amended pleading does not necessarily moot a pending motion to dismiss. *See* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (3d ed. 2010) ("If some of the defects raised in the original motion remain in the new

pleading, the court simply may consider the motion as being addressed to the amended pleading."); *Cartier v. Wells Fargo Bank, N.A.*, 547 F. App'x 800, 804 (8th Cir. 2013) (unpublished per curiam) (calling the question a matter of the district court's discretion). But amended allegations can—as a practical matter—render moot all or part of a pending motion in certain circumstances. *See, e.g.*, *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002).

Given the plaintiffs' assertion that "[a] lot has happened since this case was originally filed" and the significant changes they made to their pleading, the Court finds the circumstances in this case weigh in favor of denying Jaddou's pending motion without prejudice to her ability to file a timely motion to dismiss the plaintiffs' amended pleading if she decides such a motion is warranted. *See* Fed. R. Civ. P. 12. Accordingly,

IT IS ORDERED:
1. Plaintiffs Sandeep Thigulla and Sarvani Thigulla's Motion for Temporary Restraining Order (Filing No. 16) is denied.
2. Defendant Ur Jaddou's Motion to Dismiss (Filing No. 12) is denied without prejudice.

Dated this 30th day of September 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge